IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUSTY DONELSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-105-Z-BR |
| | § | |
| AVIS/BUDGET GROUP, CITY OF | § | |
| AMARILLO, TEXAS, and | § | |
| UNDISCLOSED PARTIES, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS**

Plaintiff filed his Complaint (ECF 3) on May 14, 2019 proceeding *pro se* and *in forma pauperis*. On August 13, 2019, defendant Avis/Budget Group filed a Motion to Dismiss (ECF 10). Plaintiff did not file a response to the Motion to Dismiss, but rather filed a Motion to Compel Discovery and a Motion for Sanctions (ECF 14, 16). Defendant Avis/Budget Group filed a Response and Objection to these motions (ECF 17–18). Defendant City of Amarillo, Texas and the undisclosed party defendants have not been served. Service was withheld pending screening pursuant to 28 U.S.C. § 1915. The undersigned recommends plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction.

I. **FACTUAL BACKGROUND**

Plaintiff brings this action against Avis/Budget Group, for which Plaintiff lists a Parsippany, New Jersey address, the City of Amarillo, Texas, for which plaintiff lists an Amarillo, Texas address, and undisclosed parties, for which plaintiff provides no information concerning residence. (ECF 13). Plaintiff claims his residence was burglarized. Plaintiff alleges that the crime

was committed by individuals driving a rental car obtained from defendant Avis/Budget Group. (ECF 3). Plaintiff reported the crime to the City of Amarillo and requested information about who rented the vehicle. Following the incident, Plaintiff claims Avis/Budget Group refused to provide him with the name of the individual or individuals who rented a car parked in front of his residence during the burglary.

## II.   DISCUSSION

In the Motion to Dismiss, defendant Avis/Budget Group seeks dismissal based on grounds that the plaintiff (1) failed to comply with Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5), and (2) failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 10–11). However, this Court must first address subject matter jurisdiction. Although no defendant has raised the question of subject matter jurisdiction, "courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). "Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety." *Thaler*, 565 U.S. at 141. "[M]any months of work on the part of the attorneys and the court may be wasted." *Id.* (citing *Henderson*, 562 U.S. 428, 434).

Thus, jurisdiction shall be determined before any claim challenging the merits of plaintiff's case. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). This requirement prevents a court without federal court jurisdiction from prematurely dismissing a case with prejudice that presents possibly viable state law claims. *See Ramming*, 281 F.3d at 161. Without subject matter jurisdiction a district court can only decide that it does not have jurisdiction and nothing more. *See*

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998); *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 (5th Cir. 2005).

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court must liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### i. Standard under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) addresses a district court's ability to hear a case and make any determinations on the merits. *See* Fed. R. Civ. P. 12(b)(1). A district court's basis to dismiss for "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1995)). Thus, a district court can look outside of the complaint to determine facts relevant to subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming*, 281 F.3d at 161. This Court will consider all of plaintiff's pleadings and filings to determine whether facts exist to support the Court's subject matter jurisdiction. *See Williams*, 533 F.3d at 365 n.2; *Ramming*, 281 F.3d at 16.

When assessing jurisdiction, the district court accepts the plaintiff's allegations in the complaint as true and may resolve undisputed facts. *See Choice Inc. of Texas v. Greenstein*, 691

F.3d 710, 714 (5th Cir. 2012). The plaintiff, as the party asserting jurisdiction, bears the burden of proof for establishing federal court jurisdiction. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). In the end, a court should "dismiss for lack of subject matter jurisdiction … only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Choice Inc. of Texas*, 691 F.3d at 714 (quoting *Ramming*, 281 F.3d at 161).

### ii. Asserting the subject matter jurisdiction of the federal courts

Federal courts are courts of limited jurisdiction. *See* U.S. Const. art. III, § 2, cl. 2. A federal district court only has the power to make decisions on the merits of a case when jurisdiction arises under the constitution and is conferred by Congress in a federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A plaintiff who brings suit in federal court has the burden to prove that the district court has jurisdiction over the alleged controversy. *Kokkonen*, 511 U.S. at 377. The basis for federal subject matter jurisdiction should affirmatively appear in the plaintiff's pleading in the form "of a short and plain statement" asserting the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

However, allegations made in a complaint by a pro se plaintiff are liberally construed and held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). "If a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements." *Margin v. Sea–Land Serv., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987) (citing *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)).

### A. Analysis of Plaintiff's assertion of jurisdiction

There are only two ways to establish federal subject matter jurisdiction: (1) federal

question; and (2) diversity jurisdiction. *See* 28 U.S.C §§ 1331 and 1332. When a pro se plaintiff files suit in federal court and does not make a short statement of the grounds for jurisdiction pursuant to Federal Rule of Civil Procedure 8(a)(1), the Court looks to the facts alleged to determine whether subject matter jurisdiction is appropriate. *See Margin*, 812 F.2d at 976; *Perez*, 312 F.3d at 194–95. Here, pro se plaintiff failed to make a brief statement asserting grounds for jurisdiction. Thus, this Court will look to the facts alleged to ascertain jurisdiction. *See id*.

    1. **Federal question jurisdiction**

District courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, establishing federal-question jurisdiction is more limited and difficult than the "arising under" language might suggest. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The question whether a claim "arises under" federal law is determined by the well-pleaded complaint rule. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983). The longstanding rule requires that it be clear from the face of the plaintiff's original complaint that a federal question is asserted. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "[C]ases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm., Inc.*, 478 U.S. at 808. Thus, to establish federal-question jurisdiction, a plaintiff must specifically allege on the face of the complaint a cause of action created by a federal law. *See id*.

The most common way to assert a federal question is to allege in the complaint that a plaintiff was injured by a defendant in violation of a specific federal statute that has a cause of action with a remedy. *Id*. Here, plaintiff's pro se pleadings do not cite a specific federal statute upon which federal-question jurisdiction may be established. (ECF 3).

Even "[i]f a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements." *Margin v. Sea–Land Serv., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987). So, for plaintiff to establish federal-question jurisdiction, plaintiff must have specifically alleged facts on the face of his complaint that satisfy a cause of action created by a federal law. *See Merrell Dow Pharm., Inc.*, 478 U.S. at 808; *Margin*, 812 F.2d at 976. Additionally, in a review under Federal Rule of Civil Procedure 12(b)(1), the court may look outside of the pleadings to determine whether the facts alleged in the pleadings support subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Plaintiff's pleadings allege that defendants failed to provide him information. Specifically, plaintiff requested the name(s) of individuals who rented a vehicle that was parked in front of his residence on the day his residence was burglarized. Further, plaintiff claims this failure to provide information prevented him from pursuing his rights concerning his lost property.

This Court cannot say that plaintiff's pro se pleadings and facts outside of the pleadings support federal-question jurisdiction. *See Merrell Dow Pharm., Inc.*, 478 U.S. at 808; *Margin*, 812 F.2d at 976. Although allegations made in a complaint by a pro se plaintiff are liberally construed, the facts alleged by plaintiff, even viewed in the most liberal fashion, simply do not state or describe a cause of action in which federal-question jurisdiction is appropriate. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). Plaintiff has failed to allege on the face of the complaint a statutory cause of action created by federal law. *Merrell Dow Pharm., Inc.*, 478 U.S. 804, 808 (1986). Moreover, plaintiff has failed to allege facts that can satisfy, without naming a statute, the jurisdictional requirements of a federal question. *See Margin*, 812 F.2d at 976.

In reaching this decision, the Court conducted an extensive review of the facts alleged in plaintiff's pro se pleadings and facts asserted in plaintiff's other filings with the Court. (ECF 3, 13–16). This Court examined whether plaintiff's factual allegations of "obstruction of justice," "assault," criminal misconduct by undisclosed parties, or other factual claims fell within a cause of action conferred by Congress in any statutes. This search for an appropriate statute or pleading mechanism did not reveal a cause of action that supports the exercise of federal-question jurisdiction for plaintiff's allegations.

Even when a plaintiff is proceeding pro se, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted); *Govea v. ATF*, 207 Fed. Appx. 369, 372 (5th Cir. 2006) (not selected for publication). Establishing subject matter jurisdiction is the threshold, the "material point necessary to sustain [any] recovery," and failure to do so is fatal to a suit in federal court. *See Campbell*, 43 F.3d at 975; *Govea*, 207 Fed. Appx. at 372. Furthermore, courts need not " 'conjure up unpled allegations or construe elaborately arcane scripts' to save a complaint." *Campbell*, 43 F.3d at 975 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)). Any further search by this Court for a cause of action for plaintiff's pro se suit might fall into the category of construing elaborate scripts to save the complaint. *See id*. Moreover, the " 'special judicial solicitude' with which a district court should view … pro se [filings] does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). Plaintiff has failed to uphold his burden of proof and establish subject matter jurisdiction through the assertion of a federal question. *See Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

### 2. Diversity jurisdiction

A district court may have subject matter jurisdiction under diversity jurisdiction if the amount in controversy exceeds $75,000.00, and the action is between citizens of different states. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship. *See Whalen v. Carter*, 654 F.2d 1087, 1094 (5th Cir. 1992). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332). "[P]laintiff must state all parties' citizenship such that the existence of complete diversity can be confirmed." *Whitmore v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000); *see also Vela v. Manning*, 469 Fed. Appx. 319, 320 (5th Cir. 2012) (not selected for publication). If the plaintiff shares the same state citizenship as one of the defendants, then the district court cannot exercise diversity jurisdiction. *See Whalen*, 654 F.2d at 1094. In the instant case, plaintiff's Response to the Magistrate Judge's Order requiring plaintiff to provide addresses of all parties indicates that at least one defendant, like the plaintiff, is a citizen of Texas. (ECF 13). Moreover, there is no claim or indication that the amount in controversy exceeds the mandatory $75,000.00 threshold. Based on this, plaintiff's pro se suit does not establish subject matter jurisdiction through an assertion of diversity jurisdiction. *See Life Partners, Inc.*, 650 F.3d at 1029.

### B. Defendant Avis/Budget Group's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)

It is the Court's standard practice to address all issues, even after a decision has been reached, to fully dispose of a case with alternative findings. However, when a case is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court need not address any challenges to the merits, such as a defendant's attack pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Ramming v. United States*, 281 F.3d 158, 161 (5th

Cir. 2001). Thus, this Court will follow the Fifth Circuit's directive:

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. (citations omitted). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.

*Ramming*, 281 F.3d at 161 (citations omitted). Here plaintiff has alleged claims that might be actionable under state law; therefore, this Court will not address any potential claims that might be appropriately brought in a Texas court. *Id*.

Additionally, plaintiff moved to compel discovery and moved for imposition of sanctions against the defendants. (ECF Nos. 14, 16). Without jurisdiction, the Court cannot grant these motions.

### III.  CONCLUSION

Even when construed liberally, plaintiff's complaint fails to allege facts supporting federal question or diversity jurisdiction. Plaintiff does not refer to any federal cause of action by name, and the complaint's facts do not resemble those underlying a federal cause of action. Further, it appears both plaintiff and defendant City of Amarillo, Texas are citizens of Texas. (ECF 3, 13). Thus, plaintiff has failed to establish diversity jurisdiction. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants."). As this Court lacks jurisdiction over the plaintiff's claims, the Court must dismiss this case without considering defendant Avis/Budget Group's request for dismissal under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's motions for discovery and for sanctions are DENIED.

## IV. RECOMMENDATION

For the above reasons, the Court recommends Plaintiff's complaint (ECF 3) be dismissed without prejudice for lack of subject matter jurisdiction.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 17, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).