IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| RUSTY DONELSON, | § | |
| Plaintiffs, | § § § | |
| v. | § § | 2:19-CV-105-Z-BR |
| AVIS/BUDGET GROUP, CITY OF AMARILLO, TEXAS and UNDISCLOSED PARTIES, | § § § § § | |
| Defendants. | § | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS THE COMPLAINT**

On May 14, 2019, Plaintiff filed a complaint, proceeding *pro se* and *in forma pauperis*. (ECF No. 3). On August 13, Defendant Avis/Budget Group ("Avis") filed a motion to dismiss Plaintiff's complaint for failure to state a claim (ECF No. 10), including a brief in support (ECF No. 11). On the same day, Avis filed a motion for leave to proceed without local counsel. (ECF No. 12). Plaintiff did not respond to either of these motions, but he filed a motion to compel discovery on August 20 (ECF No. 14) and a motion for sanctions on September 9 (ECF No. 16). Avis filed a response to Plaintiff's motion to compel on September 10 (ECF No. 17) and objections to Plaintiff's motion for sanctions on September 27 (ECF No. 18).

On January 17, 2020, the Magistrate Judge entered findings and conclusions in this case. (ECF No. 20). The Magistrate Judge RECOMMENDS that that Plaintiff's motions be DENIED and that Plaintiff's complaint be DISMISSED for a lack of subject matter jurisdiction. On January 29, Plaintiff filed objections to the findings, conclusions, and recommendation. (ECF No. 21).

After making an independent review of the pleadings, files, and records in this case, the findings, conclusions, and recommendation of the Magistrate Judge, and Plaintiff's objections, the Court concludes that the findings and conclusions are correct.

Plaintiff objects by averring that this Court in fact has federal question jurisdiction over this case. Specifically, Plaintiff objects that certain federal agencies are "stakeholders in the sensitive facility where the car was rented and are prominently referenced in the complaint." (ECF No. 21 at 2).

To properly assert a federal question, a plaintiff must allege in the complaint that a plaintiff was injured by a defendant in violation of (1) a specific federal statute that has a cause of action or (2) a right under state law whose vindication "necessarily turn[s] on some construction of federal law." *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal marks and citations omitted). Allegations in a *pro se* complaint are "h[eld] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002).

Even viewed through the lens of the "less stringent" standards applicable here, Plaintiff's complaint does not assert any violation for which federal jurisdiction is appropriate. Plaintiff's complaint merely asserts that certain federal agencies are "stakeholders" which regulate or fund certain entities held by Defendants. (ECF No. 3 at 2–3, 5–6). But even if true, these allegations do not satisfy the requirements for a proper assertion of a federal question.

Plaintiff also alleges that the Magistrate Judge has concealed information in this case and has conflicts of interest that require her recusal. (ECF No. 21 at 2–3). Plaintiff further argues that the Magistrate Judge acted as Defendants' counsel in screening this case for jurisdiction and denying discovery. *Id.* None of these objections address the basis for this Court's *jurisdiction* over

2

this lawsuit or the legal reasoning of the findings and conclusions. Accordingly, Plaintiff's objections are OVERRULED. The Court also admonishes Plaintiff to refrain from unwarranted and meritless attacks on the Magistrate Judge's character, integrity, and impartiality. Future briefing to this Court should omit such overwrought and irrelevant allegations.

It is therefore ORDERED that the findings, conclusions, and recommendation (ECF No. 20) of the Magistrate Judge are ADOPTED, that Plaintiff's motion to compel discovery (ECF No. 14) and motion for sanctions (ECF No. 16) are DENIED, and that Plaintiff's complaint (ECF No. 3) is DISMISSED for lack of subject matter jurisdiction. Since this Court lacks jurisdiction over this case, Avis's motion to dismiss (ECF No. 10) and motion for leave to proceed without local counsel (ECF No. 12) are MOOT.

**SO ORDERED.**

February 3, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE